IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MAURICE DEMAN HALL | § | |
| VS. | § | CIVIL ACTION NO. 9:22-CV-65 |
| BALDEN O. POLK, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Maurice Deman Hall, an inmate previously confined at the Gib Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Warden Balden O. Polk, Major Carlos Applewhite, and Grievance Investigator Cristin L. Boykin.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendants filed a motion to partially dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff filed a response, and the matter is now ripe for review.

Factual Background

Plaintiff alleges he suffers from asthma. Plaintiff states that he has been exposed to second-hand smoke since he was transferred to the Gib Lewis in the summer of 2019. Plaintiff alleges Defendants Polk and Applewhite are aware of individuals smoking in the prison, but they failed to take action to stop it. Plaintiff claims that he filed grievances concerning exposure to second-hand smoke, but Defendant Boykin failed to investigate or resolve the issue.

<u>Motion to Dismiss</u>

Defendants moved for partial dismissal of the action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants assert that the claims for money damages against Defendants in their official capacities should be dismissed because they are barred by the Eleventh Amendment. Defendant Boykin contends that Plaintiff's allegations that she did not properly handle his grievances fails to state a claim upon which relief may be granted.

<u>Standard of Review</u>

Under Federal Rule of Civil Procedure 12(b)(1), the district court has the authority to dismiss an action for lack of subject matter jurisdiction based on: (1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The court generally can decide disputed issues of material fact in order to determine whether or not it has jurisdiction. *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (3rd Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

Analysis

*Eleventh Amendment Immunity*

It is well-settled that the Eleventh Amendment bars a suit in a federal court against a state unless the sovereign has unequivocally expressed a waiver of its immunity. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984); *Pace v. Bogalusa City Sch. Bd.*, 325 F.3d 609, 613 (5th Cir. 2003). State officials sued in their official capacity are not liable for damages under 42 U.S.C. § 1983 because they assume the identity of the government that employs them. *Hafer v. Melo*, 502 U.S. 21, 27 (1991). Therefore, to the extent that the defendants are sued in their official capacities, they are immune from liability with respect to Plaintiff's constitutional claims for damages. In addition, any claims against the defendants in their official capacities arising under the Texas Tort Claims Act are also barred by the Eleventh Amendment. *Sherwinski v. Peterson*, 98 F.3d 849, 851-52 (5th Cir. 1996) (holding that the Texas Tort Claims Act does not waive sovereign immunity to being sued in federal court).

*Investigation and Resolution of Grievances*

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes another to be deprived of a federally protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights,

privileges or immunities secured by the Constitution and laws shall be liable to the
party injured . . . .

42 U.S.C. § 1983. In order to state a cause of action under § 1983, a plaintiff must allege two

elements. "First, the Plaintiff must allege that some person has deprived him of a federal right.

Second, he must allege that the person who has deprived him of that right acted under color of state

or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiff contends Defendant Boykin failed to properly investigate his grievances. However,

failing to investigate an inmate's complaints or resolve them to his satisfaction does not rise to the

level of a constitutional violation. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Therefore,

the allegations against Defendant Boykin do not state a claim upon which relief may be granted.

<u>Recommendation</u>

Defendant's motion for partial dismissal should be granted.

<u>Objections</u>

Within fourteen days after receipt of the magistrate judge's report, any party may serve and

file written objections to the findings of facts, conclusions of law and recommendations of the

magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and

recommendations contained within this report within fourteen days after service shall bar an

aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings,

conclusions and recommendations and from appellate review of factual findings and legal

conclusions accepted by the district court, except on grounds of plain error. *Douglass v. United*

4

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fᴇᴅ. R. Cɪᴠ. P. 72.

SIGNED this 16th day of February, 2023.

Zack Hawthorn
United States Magistrate Judge